UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TIMOTHY L. MORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-cv-214 |
| | ) | *Edgar* |
| GREG WILSON; VIRGINIA LEWIS; | ) | |
| QUENTON WHITE, Each Party Is Sued In | ) | |
| Their Official And Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This *pro se* civil action for damages was filed under 42 U.S.C. § 1983 by the plaintiff,

Timothy L. Morton ("Morton"), a prisoner at Southeastern Tennessee State Regional Correctional

Facility ("STSRCF") in Bledsoe County, Pikeville Tennessee. In his complaint, Morton asserts

upon arrival to STSRCF he was denied an insulin check and that a hemoglobin AlC test was not

done for approximately thirty days after intake. Morton asserts that he was denied medical

equipment and a psychological intake evaluation. In addition, Morton claims that although he

requires psychiatric care, he was not seen by a psychiatrist until after he was at STSRCF for

approximately one week. Morton also complains he was denied psychiatric help to deal with his

son's mother being in intensive care. Relying on *Hassine v. Ferres* 846 F.2d 269, 178 (3rd Cir.

1988), for the proposition that prisoners may seek relief from the consequences of other inmates

being denied adequate mental health services, Morton asserts that an inmate was denied psychiatric

help which resulted in the other inmate committing suicide.

1

After reviewing the record and the applicable law, the Court concludes that Morton's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies.

## I.      Application to Proceed In Forma Pauperis

It appears from the application to proceed *in forma pauperis* submitted by Morton that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00 [Court File No. 1]. Morton is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Morton is an inmate in custody at the STSRCF, he will be **ASSESSED** the civil filing fee of **$250.00** under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Morton shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Morton's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997). However, Morton is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Morton's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Morton's trust account is instructed that when Morton's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the

application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth*, 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden of STSRCF, the Custodian of Inmate Accounts at STSRCF, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Morton' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Morton' file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

II.    **Exhaustion of Remedies**

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. See *Davie v. Wingard*, 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.* Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (unpublished table decision), *available in* 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown v. Toombs,* 139 F.3d at 1104)).

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement mandates filing a grievance concerning each claim stated in the complaint, *see*

4

*Northington v. DeForest*, 215 F.3d 1327 (unpublished table decision), *available in* 2000 WL 659260 at *1 (6th Cir. May 11, 2000), and identifying each person later named as a defendant in the federal lawsuit. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Every claim must be exhausted through the grievance system. The exhaustion requirement is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular persons. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy the exhaustion requirement, a prisoner is required to plead his claims with specificity and demonstrate each claim has been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner's complaint which alleges both exhausted and unexhausted claims must be dismissed in its entirety. *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). The burden is on the prisoner to demonstrated he has exhausted his remedies. *Brown v. Toombs*, 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

Morton has attached a copy of his grievance including a response from the Commissioner that his request for an extra mattress and blanket should be addressed to the Director of Health Service [Court File No. 4]. The Court interprets Morton's claim of denial of medical equipment as a claim that he was denied an extra mattress and blanket. Therefore, this claim was properly exhausted through the grievance procedure. However, Morton has not attached any grievances pertaining to the other claims he has made in his complaint *i.e.*, denial of an insulin check upon arrival, denial of hemoglobin AIC test upon arrival, denial of psychiatric visit upon arrival, and denial of meeting with psychiatrist for support. Hence, Morton's complaint contains an exhausted claim and several unexhausted claims. Morton has failed to attach the grievance or the

administrative decision disposing of his other claims to his complaint or to provide any proof that he has exhausted his administrative remedies as to all claims. The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), and that dismissal of a prisoner's complaint is required when he alleges both exhausted and unexhausted claims. *See Bey v. Johnson*, 407 F.3d 805 (6th Cir. 2005). The Court has reviewed Morton's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint. Accordingly, because Morton has the burden of showing he has exhausted his adminstrative remedies with respect to each claim raised in his § 1983 complaint and because Morton has failed to carry his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint, this action will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Morton failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter **DISMISSING** the plaintiff's complaint in its entirety.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

6